UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNDRE MONTANA COLE,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. CV 13-06592-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff appeals from the denial of his application for Social Security benefits. On appeal, the Court concludes that the Administrative Law Judge ("ALJ") erred in failing to consider Plaintiff's Department of Veterans Affairs ("VA") disability rating. Therefore, the Court reverses the ALJ's decision and remands to the ALJ for reconsideration.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed applications for Social Security disability insurance ("SSDI") benefits and Supplemental Security Income ("SSI"), alleging disability beginning August 1, 2010. Administrative Record ("AR") 24. In an

unfavorable decision, the ALJ concluded that Plaintiff was capable of performing his past relevant work as a construction laborer and was therefore not disabled. AR 32.

## II.
## ISSUE PRESENTED

The parties dispute whether the ALJ (1) improperly failed to address Plaintiff's VA rating; (2) improperly found that Plaintiff was capable of performing his past relevant work as a construction laborer; (3) improperly discredited Plaintiff's subjective symptom complaints; (4) failed to properly integrate all of Plaintiff's medically determinable impairments into the residual functional capacity ("RFC") assessment; and (5) failed to accord proper weight to the medical opinions of Plaintiff's treating physicians. See Joint Stipulation ("JS") at 3-30.

## III.
## DISCUSSION

Plaintiff alleges that the ALJ erred in failing to consider the VA's assessment of Plaintiff's disability status, dated November 14, 2011 and effective as of January 29, 2010. JS at 3-6; see AR 397-98.

The ALJ must "ordinarily give great weight to a VA determination of disability." McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002) (reversing a denial of benefits because the ALJ "failed to consider the VA finding and did not mention it in his opinion"). While a VA disability decision "does not necessarily compel the SSA to reach an identical result, . . . the ALJ must consider the VA's finding in reaching his decision," because of the similarities between the VA disability program and the Social Security disability program. Id. However, because the two federal programs are not identical, "the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the

record." Id. Furthermore, an "ALJ [is] justified in rejecting the VA's disability rating on the basis that she had evidence the VA did not, which undermined the evidence the VA did have," because "the acquisition of new evidence or a properly justified reevaluation of old evidence constitutes a 'persuasive, specific, and valid reason . . . supported by the record' under McCartey for according little weight to a VA disability rating." Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 695 (9th Cir. 2009).

Here, the VA granted Plaintiff a disability rating of 10% for "degenerative arthritis [of the] right knee joint." AR 398. In his decision, the ALJ made no mention of the VA's disability rating. Moreover, the ALJ found Plaintiff's knee problems to be non-severe, discredited Plaintiff's subjective symptom testimony as to his knee pain, and determined that Plaintiff could perform a full range of work at all exertional levels.[1] The Commissioner apparently concedes that the ALJ was required to address the VA rating and erred in failing to do so, but argues that any error was harmless because the ALJ referenced records from Plaintiff's treatment at the VA and "the error does not negate the validity of the ALJ's ultimate conclusion." JS at 8.

Although an ALJ may disregard a VA rating if the ALJ considers evidence which the VA did not or if the VA rating is based upon evidence which the ALJ rejects, Valentine, 574 F.3d at 695, this presupposes that the ALJ actually considers the VA rating and provides legitimate reasons for rejecting it. Here, the ALJ did not and this failure constitutes reversible error. See Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) (reversing and remanding where ALJ erred in relying upon an earlier VA disability assessment and ignoring a later VA decision which found that the claimant

---

[1] The only limitations included in the ALJ's RFC assessment relate to Plaintiff's vision problems.

was entitled to individual unemployability).

Finally, although the VA only found Plaintiff to be disabled at the 10% level, the Court is unable to find that the ALJ's error was harmless. Despite the VA's finding, the ALJ assigned Plaintiff no physical limitations whatsoever and determined that he was capable of doing past relevant work at the very heavy exertion level. AR 30-32. Without an explicit explanation for the discrepancy between the VA's finding of disability and the complete lack of RFC limitations found by the ALJ, the Court cannot affirm the ALJ's decision. See McCartey, 298 F.3d at 1076.

Accordingly, the case is remanded so that the ALJ may address Plaintiff's VA rating. On remand, "the ALJ is not compelled to adopt the conclusions of the VA's decisions wholesale, but if [he] deviates from final VA decisions, [he] may do so based only on contrary evidence that is 'persuasive, specific, valid' and supported by the record." Hiler, 687 F.3d at 1212 (citing McCartey, 298 F.3d at 1076).[2]

///
///
///
///
///
///

---

[2] Because the Court finds that the ALJ's decision must be reversed on this basis, it will not address the balance of Plaintiff's contentions. Nonetheless, the Court's review of the record suggests that certain of Plaintiff's additional contentions may be meritorious and should be considered by the ALJ on appeal. For example, the Commissioner concedes that the ALJ's determination of Plaintiff's credibility was "not a model of clarity," JS at 19. It is therefore not the intention of the Court to limit the scope of its remand.

## IV.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

Dated: July 7, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge